**IN THE DISTRICT COURT FOR OKLAHOMA COUNTY
STATE OF OKLAHOMA**

FILED IN DISTRICT COURT
OKLAHOMA COUNTY
JAN 20 2022
RICK WARREN
COURT CLERK
112

RECEIVED
FEB 09 2022
By

| | | |
|---|---|---|
| 1. CANDACE JEFFERSON, an individual, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CJ-2022-274 |
| 1. CITY OF DEL CITY, a municipal corporation; | ) ) ) | |
| 2. SHRI RADHA GOVIND, LLC, d/b/a SPRINGHILL SUITES, a domestic limited liability company, | ) ) ) ) ) | |
| Defendants. | ) | |

**PETITION**

COMES NOW the Plaintiff, Ms. Candace Jefferson, by and through her attorneys, Damario Solomon-Simmons and Kymberli J. M. Heckenkemper of SOLOMONSIMMONSLAW, PLLC, and hereby submits this petition for damages against Defendants Shri Radha Govind, LLC ("Springhill Suites") and the City of Del City. In support of her Petition, Ms. Jefferson submits as follows:

**PARTIES, JURISDICTION & VENUE**

1. Plaintiff Candace Jefferson is an individual who resides and at all relevant times has resided in Dallas County, State of Texas.

2. Defendant City of Del City ("City") is a municipal corporation located in Oklahoma County, State of Oklahoma, and incorporated under the laws of the State of Oklahoma.

3. Defendant Springhill Suites is a domestic limited liability company whose principal place of business is located in Oklahoma County, State of Oklahoma.

**EXHIBIT 2**

4. Venue is proper in this Court pursuant to 12 O.S. §§ 133, 134.

5. Ms. Jefferson has complied with the notice requirements set forth in the Oklahoma Governmental Tort Claims Act, 51 O.S. §§ 151, *et seq.*

6. Ms. Jefferson's tort claim was deemed denied by the City of Del City on or about July 27, 2021 in accordance with 51 O.S. § 157(A), and this Petition is being filed within 180 days of said denial.

7. The Court has jurisdiction over the parties and the subject matter.

## STATEMENT OF FACTS

8. Ms. Jefferson incorporates paragraphs 1 through 6 as if fully restated herein.

9. On or about May 19, 2020, Ms. Jefferson rented a room at the Springhill Suites located at 5400 Main Street in Del City, Oklahoma.

10. Ms. Jefferson was in Del City to visit family with her children.

11. On the second night of Ms. Jefferson's stay, she and some family members were congregated in a guest room that had been rented by one of the family members in her group.

12. Around 12:30 a.m., the woman who was working at the front desk of Springhill Suites, Shannon Copelyn, approached the guest room and advised Ms. Jefferson and her family to quiet down, advising that "quiet hours" were from 10:00 p.m. to 9:00 a.m.

13. Ms. Jefferson responded that they were unaware of any quiet hours and asked Ms. Copelyn to show her that policy, but Ms. Copelyn could not do so.

14. Rather, Ms. Copelyn claimed the quiet hours were "implied."

15. After Ms. Copelyn left the room, Ms. Jefferson and some of her family members moved from the guest room on the second floor to the front patio so that they could say their goodbyes without bothering the other guests.

2

EXHIBIT 2

16. Without warning, Ms. Copelyn called the police and asked them to escort Ms. Jefferson and her family off of the hotel's property.

17. When officers of the Del City Police Department arrived, Ms. Jefferson and the others began to walk inside when one of the officers ordered Ms. Jefferson to "come here."

18. Ms. Jefferson asked if she was being detained, and the officer responded that she was not, but that she and the others needed to leave the premises.

19. Assuming Ms. Copelyn had advised the police that Ms. Jefferson was a guest at the hotel with her children, Ms. Jefferson began walking back into the hotel and toward the elevators to reach her room on the second floor, where her children were sleeping.

20. When she pressed the button for the elevator, one of the officers ordered her not to go upstairs and to leave the premises immediately.

21. Incredulous, Ms. Jefferson advised the officer that she was going to get her lawyer, who happened to be her God-sister and who was staying in another guest room.

22. The officer told Ms. Jefferson to stop and threatened to tase her.

23. Ms. Jefferson looked back and saw that the officer had his hand on his gun.

24. Fearing for her life, she continued to her God-sister's/lawyer's room, walking faster, away from the officer.

25. When she reached the room, she began banging on the door and begging her God-sister/lawyer to let her in.

26. Before Ms. Jefferson could be let into the room, the officer grabbed Ms. Jefferson's head and slammed it into the door, grabbed a chunk of her hair, threw her to the ground, and handcuffed her.

EXHIBIT 2

27. The officer made no attempts to manually control Ms. Jefferson prior to slamming her into the door and onto the floor.

28. Ms. Jefferson was arrested on complaints of public intoxication and obstructing an officer and was required to spend a night in jail.

29. Ms. Jefferson was unarmed.

30. Ms. Jefferson made no threats of harm to any of the officers or otherwise, and there was no reason to believe she posed any such threat to any person.

31. At the time the officer assaulted her, Ms. Jefferson was suspected of committing public intoxication, a minor offense which was ultimately dismissed.

32. In the process, the officer caused Ms. Jefferson to suffer injuries to her head and knee.

33. Additionally, the actions of the Defendants' agents caused Ms. Jefferson to develop severe symptoms of depression and anxiety.

34. At all relevant times, the Del City police officers involved were employees of Defendant City of Del City and acting within the scope of their employment.

35. At all relevant times, Ms. Copelyn was an agent of Springhill Suites and acting within the scope of her employment.

### CLAIM # 1: CIVIL ASSAULT & BATTERY
*As to Defendant City of Del City*

36. Plaintiff incorporates paragraphs 1 through 35 as if fully restated herein.

37. By chasing Ms. Jefferson down the hall and threatening to tase her with his hand on his gun, the Del City officer placed her in apprehension of an immediate harmful contact with her person and caused her to suffer fright and terror.

EXHIBIT 2

38. The Del City officer did this with the intent of placing Ms. Jefferson in such apprehension.

39. By grabbing Ms. Jefferson's head, slamming it into the door, grabbing a chunk of her hair, and then throwing her to the floor, the officer made a harmful contact with Ms. Jefferson's person.

40. The officer did this with the intent of making such contact.

41. The officer's actions caused Ms. Jefferson to suffer physical pain and emotional distress and caused her to incur expenses for the treatment of her injuries.

### CLAIM # 2: EXCESSIVE FORCE IN VIOLATION OF OKLA. CONST. ART. II, § 30
*As to Defendant City of Del City*

42. Plaintiff incorporates paragraphs 1 through 41 as if fully restated herein.

43. The force used by the Del City officer against Ms. Jefferson was objectively unreasonable under the circumstances, which are described in paragraphs 19-31 above.

44. By using objectively unreasonable force against Ms. Jefferson, the Del City officer violated her right not to be subjected to unreasonable seizures in violation of article II, section 30 of the Oklahoma Constitution.

45. As a result of the objectively unreasonable use of force against her, Ms. Jefferson suffered physical injuries and emotional distress and incurred expenses for treatment.

### CLAIM # 3: NEGLIGENCE
*As to Defendant City of Del City*

46. Plaintiff incorporates paragraphs 1 through 45 as if fully restated herein.

47. The Del City officer had a duty to use only such force as a reasonably prudent officer would use in light of the objective circumstances.

EXHIBIT 2

48. A reasonably prudent officer facing the same or similar circumstances would not have grabbed Ms. Jefferson's head, slammed it into the door, grabbed a chunk of her hair, and threw her to the ground.

49. By employing such force, the Del City officer breached his duty.

50. As a result of the breach, Ms. Jefferson suffered physical injuries, emotional distress, and incurred expenses for treatment.

### CLAIM # 4: BREACH OF CONTRACT
*As to Defendant Springhill Suites*

51. Plaintiff incorporates paragraphs 1 through 50 as if fully restated herein.

52. Ms. Jefferson and Springhill Suites formed a contract when Ms. Jefferson rented a room.

53. Ms. Jefferson agreed to pay for a guest room, and Springhill Suites agreed to permit Ms. Jefferson to stay in the room for two nights.

54. Ms. Copelyn, an agent with actual or apparent authority, breached the contract between Springhill Suites and Ms. Jefferson when she called the police to unlawfully remove Ms. Jefferson from the premises prior to her scheduled check-out time.

55. As a result of Ms. Copelyn's breach, Ms. Jefferson was made to suffer physical injuries and emotional distress and to incur expenses for treatment, all of which were foreseeable consequences of Ms. Copelyn's actions.

### CLAIM # 5: NEGLIGENCE
*As to Defendant Springhill Suites*

56. Plaintiff incorporates paragraphs 1 through 55 as if fully restated herein.

57. Ms. Copelyn had a duty to exercise ordinary care to avoid injury to Ms. Jefferson.

EXHIBIT 2

58. Ms. Copelyn, an agent of Springhill Suites acting within the scope of her employment, breached that duty when she called the police and asked them to remove Ms. Jefferson—a guest of the hotel—from the premises for improper reasons.

59. Ms. Copelyn also committed negligence *per se* by violating 15 O.S. § 508 by ejecting Ms. Jefferson from the hotel premises for a reason not provided in the statute, which delineates under what circumstances a hotel can lawfully eject a guest.

60. As a result of Ms. Copelyn's negligence, Ms. Jefferson suffered physical injuries and emotional distress and incurred expenses for treatment, all of which were foreseeable consequences of calling the police and asking them to remove Ms. Jefferson from the premises.

### CLAIM # 5: NEGLIGENT TRAINING AND SUPERVISION
*As to Defendant Springhill Suites*

61. Plaintiff incorporates paragraphs 1 through 60 as if fully restated herein.

62. Springhill Suites had a duty to train Ms. Copelyn in such a way as to ensure she treated guests in accordance with Springhill Suites' duties under the law.

63. Springhill Suites breached that duty by advising Ms. Copelyn on prior occasions that she should call the police on guests she deemed to be disruptive and ask that they be escorted off the premises.

64. As a result, Ms. Copelyn wrongfully ejected Ms. Jefferson and her children from the premises and called the police on them.

65. As a result of Springhill Suites' negligent training, Ms. Jefferson suffered physical injuries and emotional distress and incurred expenses for treatment, all of which were foreseeable consequences of calling the police and asking them to remove Ms. Jefferson and her family from the premises.

EXHIBIT 2

### CLAIM # 5: NEGLIGENT RETENTION
*As to Defendant Springhill Suites*

66. Plaintiff incorporates paragraphs 1 through 65 as if fully restated herein.

67. Springhill Suites had a duty not to continue to employ agents who have treated guests inconsistently with Springhill Suites' lawful duties.

68. Springhill Suites breached that duty by retaining Ms. Copelyn knowing that on prior occasions she had unlawfully called the police on guests she deemed to be disruptive and asked that they be escorted off the premises for improper reasons.

69. As a result, Ms. Copelyn wrongfully ejected Ms. Jefferson and her children from the premises and called the police on them.

70. As a result of Springhill Suites' negligent retention of Ms. Copelyn, Ms. Jefferson suffered physical injuries and emotional distress and incurred expenses for treatment, all of which were foreseeable consequences of calling the police and asking them to remove Ms. Jefferson and her family from the premises.

### PRAYER FOR RELIEF

WHEREFORE, Ms. Jefferson prays that this Honorable Court will enter judgment in her favor and against the Defendants and award her the following:

1. All actual damages suffered by Ms. Jefferson, including, but not limited to, those emanating from physical pain and suffering, mental anguish, emotional distress, and medical expenses both heretofore incurred and to be incurred in the future, in excess of $75,000.00;

2. Punitive damages to the extent permitted by law; and

3. Any and all further relief this Court deems just and equitable under the circumstances.

**EXHIBIT 2**

WHEREFORE, premises considered, Plaintiff respectfully requests that the Court enter judgment in her favor and against the Defendants and award her the relief prayed for herein.

Respectfully submitted,

*/s/ Damario Solomon-Simmons*

Damario Solomon-Simmons, OBA No. 20340
Kymberli J.M. Heckenkemper, OBA No. 33524
**SOLOMONSIMMONSLAW**
601 S. Boulder Ave., Ste. 600
Tulsa, Oklahoma 74119
(918) 551-8999 (telephone)
(918) 558-8039 (facsimile)
dss@solomonsimmons.com
kheckenkemper@solomonsimmons.com

*Attorneys for Plaintiff Candace Jefferson*